1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**
                            **DISTRICT OF NEVADA**
9

10   BRIAN EDWARD WADE,                    )
                                           )
11                    Petitioner,          )          3:12-CV-00103-ECR-WGC
                                           )
12   vs.                                   )
                                           )          **ORDER**
13   RENEE BAKER, *et al.,*                )
                                           )
14   _____Respondents._____  )

15              Pursuant to the Rules Governing Habeas Cases, Rule 4, the court reviewed this petition

16   for writ of habeas corpus and on March 9, 2012, ordered petitioner to show cause and file such proof

17   he may have to demonstrate that his petition was timely filed within the one-year time limitation or that

18   he is entitled to equitable tolling of the time period (ECF #5).  Petitioner responded (ECF #6).  As

19   discussed below, this petition must be dismissed as untimely.

20   **I.  Procedural History**

21              According to his petition, petitioner was convicted, pursuant to a guilty plea, in Nevada

22   state court on November 6, 2007, and the judgment of conviction was entered on November 14, 2007

23   (ECF #2).  Petitioner did not seek direct review with the Nevada Supreme Court and took no action

24   whatsoever until October 23, 2009 (*id*.).  On that date petitioner filed a motion to allow filing of post-

25   conviction petition for writ of habeas corpus outside of statutory time period, which was denied (*id*. at

26

15).  The Nevada Supreme Court dismissed his appeal of the denial on January 7, 2010 for lack of jurisdiction (*id*. at 18).

On March 16, 2010, petitioner filed a motion to withdraw guilty plea, which the state district court denied on April 24, 2010 (*id*. at 20), and such denial was affirmed by the Nevada Supreme Court on January 13, 2011 (*id*. at 22).  This federal petition for habeas corpus relief was filed on February 21, 2012 (ECF #2).

## II.  Legal Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on November 14, 2007 (ECF #2).  The conviction became final when the period for filing an appeal expired.  28 U.S.C. § 2244

2

(d)(1)(A).  Under Nevada law, a party seeking to appeal his conviction has 30 days within which to file a notice of appeal.  NRAP 41(a).  Petitioner did not file a direct appeal.  Thus, petitioner's conviction became final on December 14, 2007, which is 30 days after his judgment of conviction was entered.  Petitioner had one year from that date, up to December 14, 2008, in which to file a federal habeas petition pursuant to the AEDPA deadline.

Petitioner filed nothing in the state district court between the date that his judgment of conviction was filed on November 14, 2007, until he filed a motion to allow filing of post-conviction petition for writ of habeas corpus outside of statutory time period on October 23, 2009 (*see* ECF #2).  By the time that petitioner filed this motion on October 23, 2009, the federal one-year limitations period had already expired.  As petitioner had no properly filed application for state post-conviction or other collateral review pending during this period of time, this time is not statutorily tolled on that basis.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner is not entitled to any tolling while his motion to allow an untimely filing of a post-conviction petition for writ of habeas corpus was pending in state court.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001) (state collateral petition filed *after* expiration of AEDPA limitations period does not toll); *Green v. White*, 223 F.3d 1001, 223 F.3d 1001,1003 (9th Cir.2000) (no tolling for state petition filed *after* the AEDPA limitations period had already run).  Accordingly, no statutory tolling applies to his federal petition.

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner's alleged ignorance of the law, lack of legal sophistication and lack of legal assistance does not constitute an extraordinary circumstance and cannot justify equitable tolling. *See Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("we

have held that a *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("we now join our sister circuits and hold that a *pro se* petitioners lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Here, petitioner argues that he did not know how to pursue postconviction relief *pro se.* He notes that for most of his incarceration he has been at a work camp and has had to telephone the nearby maximum security institution to access inmate law clerks.  He states that once a certain inmate law clerk was no longer available he did not take further action because he did not know how to proceed. Finally, he claims:  "I was told [he does not specify by whom] to file my habeas within one year of March 4[, 2011], which I did Feb 21, 2012" (ECF #6).  As lack of legal sophistication and ignorance of the law cannot constitute an extraordinary circumstance, petitioner has not demonstrated any extraordinary circumstances that stood in his way or made it impossible to file his federal habeas petition in a timely manner.  Thus, petitioner has failed to demonstrate that he is entitled to equitable tolling. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

## III.  Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to

deserve encouragement to proceed further. *Id.*  This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

   **IT IS THEREFORE ORDERED** that the federal petition for a writ of habeas corpus (ECF #2) is **DISMISSED with prejudice** as untimely.

   **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

   **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.


   DATED this 31st day of May, 2012.

              Edward C. Reed.
              UNITED STATES DISTRICT JUDGE

5